IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| DARYL CASH | * | |
| Petitioner, | * | |
| v. | * | CIVIL NO.: WDQ-12-1723 |
| | * | CRIMINAL NO.: WDQ-10-0792 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Daryl Cash pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and was sentenced to 151 months imprisonment. Pending is Cash's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. No hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the motion will be denied.

I. Background[1]

On April 7, 2009, Cash sold 53.4 grams of cocaine base to a confidential source working for the Drug Enforcement Agency ("DEA"). ECF No. 21 ¶ 5. Cash acquired the cocaine base from a person "who knew that Cash intended to sell [it]." *Id.*

---

[1] The facts are from Cash's plea agreement. ECF No. 21.

On December 16, 2010, a grand jury indicted Cash for: (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846; and (2) possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). ECF No. 1. On May 17, 2011, a pre-plea criminal history report determined that Cash is a career offender under U.S.S.G. § 4B1.1, based on two prior felony convictions for possession with intent to distribute cocaine in 1999 and 2000. Report ¶¶ 10, 15, 25. On June 3, 2011, Cash, represented by Gary Proctor, Esquire, pled guilty to Count One pursuant to a plea agreement. ECF No. 19; ECF No. 21. Count Two was dismissed. *Id.* The plea agreement, citing U.S.S.G. § 2D1.1, stipulated a base offense level of 26 because of the amount of cocaine base involved. ECF No. 21 ¶ 6. It also stated that there was no agreement about Cash's criminal history, and "his criminal history could alter his offense level if he is a career offender." *Id.* ¶ 8. The plea agreement stipulated that a sentence of 151 months was appropriate. *Id.* ¶ 9.

On June 6, 2011, Cash was sentenced to 151 months imprisonment, below the advisory guidelines range of 262 to 327 months, for a total offense level of 34[2] and criminal history

---

[2] Because of his two prior narcotics convictions, the defendant is a career offender under U.S.G. § 4B1.1; the base offense

2

category VI. ECF No. 23. Cash did not appeal his conviction or sentence. On June 11, 2012, Cash moved *pro se* to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 31. On August 1, 2012, the Government opposed the motion. ECF No. 33. On September 24, 2012, Cash replied. ECF No. 36.

On April 15, 2013, Cash, represented by Thomas Sarachan, Esquire, moved for a reduced sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 750 to the Sentencing Guidelines which lowered offense levels applicable to cocaine base offenses. ECF No. 38. On April 17, 2013, the Court reduced Cash's sentence from 151 months to 120 months. ECF No. 41.

II. Analysis

A. Cash's Motion

Cash asserts that Proctor provided ineffective assistance of counsel by (1) allowing a more favorable initial plea agreement to lapse, and (2) failing to inform him that he would not get a sentence reduction under the Fair Sentencing Act ("FSA") or sentencing guideline amendments. ECF No. 31-1 at 5.

1. Legal Standard

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Cash must show: (1) counsel's

---

level was 37. After a three level downward adjustment for acceptance of responsibility, the total offense level was 34.

performance was deficient and (2) the deficiency prejudiced his defense. *Id.* at 687. To show deficient performance, Cash must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Id.* at 688.

To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When a defendant pled guilty, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (reiterating *Hill* standard). If a defendant cannot prove prejudice, "a reviewing court need not consider the performance prong." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (*citing Strickland*, 466 U.S. at 697).

2. Lapsed Plea Agreement

Cash asserts his counsel was ineffective because he allowed an initial plea agreement, which offered a term of 120 months, to lapse. ECF No. 31-1 at 1, 5. Cash alleges that Proctor visited him in jail in mid-May 2011 with a plea offer of a 10 year (120 months) term of imprisonment; the offer included a

4

potential enhancement under 21 U.S.C. § 851 for a prior state drug conviction. *Id.* at 1. Cash asserts that he was prepared to accept the offer when his counsel visited days later, but the government was then offering a 151 month term, which Cash accepted based on his counsel's advice. *Id.* at 2, 5.

When a plea offer has lapsed, a defendant must demonstrate a reasonable probability that he would have accepted the earlier plea offer, the plea would have been entered before the prosecution withdrew it, and the court would have accepted it. *Missouri*, 132 S. Ct. at 1409. "To show prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.*

Cash has given varying details of the alleged first offer, and it is unclear whether he received a formal offer.[3] A defendant cannot establish deficient performance without showing that a formal plea offer was made. *See Gilchrist v. United States*, DKC-02-0245, 2012 WL 4520469, at *19 (D. Md. Sept. 27, 2012). Even assuming a lapsed offer, Cash cannot show a

---

[3] Cash has asserted that the initial offer did, ECF No. 31-1 at 1, and did not, ECF No. 36 at 3, contemplate a potential enhancement under 21 U.S.C. § 851; he has also asserted that he was, ECF No. 36 at 3, and was not, ECF No. 31-1 at 2, considered a career offender.

5

reasonable probability that the end result of the criminal process would have been more favorable. Cash contends that he would have accepted an offer of a 120 month sentence. ECF No. 31-1 at 5. Cash's sentence has since been reduced to 120 months based on Amendment 750 to the Sentencing Guidelines for cocaine base offenses. ECF No. 41. Accordingly, Cash has not shown that he is entitled to relief.[4]

3. Accepted Plea Agreement

Cash also argues that Proctor was ineffective for failing to advise him that he would not be eligible for relief under the Fair Sentencing Act ("FSA") or a reduced sentence under 18 U.S.C. § 3582(c)(2) based on the sentencing guideline amendments if he entered into a Rule 11(c)(1)(C) plea agreement. ECF No. 31-1 at 2, 4-5. Cash asserts that, had he been informed of this, he would have gone to trial. *Id.* at 5.

To show prejudice, Cash must establish a reasonable probability that he would have rejected a plea and gone to trial. *See Hill*, 474 U.S. at 59. He has provided no evidence of his willingness to go to trial beyond his current assertions. Cash's sentence reduction under § 3582(c)(2) (based on Amendment 750 to the advisory sentencing guidelines) reduced his term of

---

[4] *Cf. Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012) (defendant must show that plea would have been offered to the court, accepted by the court, and that the conviction or sentence would have been less severe).

imprisonment to 120 months. ECF No. 41. Cash cannot establish prejudice based on his counsel's advice.

B. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Cash has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Cash's motion to vacate, set aside, or correct sentence will be denied.

_10/11/13_  
Date

_/s/ signature/_  
William D. Quarles, Jr.
United States District Judge